

# OFFICE OF THE ATTORNEY GENERAL
## AUSTIN, TEXAS

Gerald C. Mann
~~RICHTEWEL~~
~~ATTORNEY GENERAL~~

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

Opinion No. O-501

Re: Office Building located on
land previously a part of
residence homestead. Is
owner entitled to homestead
exemption beyond the part
actually used as a residence
homestead?

We are in receipt of your letter of March 13, 1939, wherein you outline the following facts:

"A acquired a homestead right to 2 lots, adjoining, on one he built his home on the other a barn, constituting a urban homestead. Later he replaced the barn with an office building, part of which he uses to exercise his calling, practice of medicine. He has and still assesses the entire parcel (2 blocks) in one, at $7,000.00. The residence is worth perhaps $2,000.00 and the office building $5,000.00."

You request our opinion in response to the following question:

"How much of his assessment is exempted under Art. 8, Sec. 1a of the Constitution?"

Article 8, Section 1-a, of the State Constitution, reads in part as follows:

"Three Thousand Dollars ($3,000.00) of the assessed taxable value of all residence homesteads as now defined by law shall be exempt from all taxation for all State purposes; . . ."

Article 16, Sec. 50, of the State Constitution, exempts homesteads from forced sale, with certain exceptions, one of which is for taxes. Article 16, Sec. 51, defines homesteads, and under the definition given we have two classes of homesteads entitled to such exemption from forced sale, to-wit: residence homesteads and business homesteads, each so well recognized in law as to need no discussion.

Until the adoption of Section 1-a, of Article 8, at the election on August 26, 1933, both classes of homesteads were subject to taxation for State purposes. The exemption extended by said Sec. 1-a is to "residence" homesteads only and "business" homesteads are still subject to the State tax.

It is quite clear that adjacent lots may be residence homestead property in part and business homestead in part. C. D. Shamburger Lumber Co. v. Delavan, 106 S. W. (2) 351. It is likewise certain that land constituting a part of a residence homestead may be appropriated to a different use and lose its character as such. Blum v. Rogers, 15 S. W. 115, Sup. Ct.; Warren v. Kohr, 64 S. W. 62; Nance v. Rucker, 294 S. W. 294; Lipscomb v. Adamson Lumber Co., 217 S. W. 228.

For the purpose of this inquiry, it is immaterial whether the office building as a whole is impressed with the character of a business homestead, the only question being whether it has lost its character as a residence homestead.

The residence and so much of the ground as is still used as a part thereof and has not been appropriated to the use of the office building is entitled to the homestead exemption from taxation for State purposes. The office building and land appropriated to its use is subject to the tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVED

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS